IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| ALEXANDER HARVEY | * | |
| 2037 38th Street, Apt. 302 | * | |
| Washington, DC 20020 | * | |
| | * | |
| *Individually and on Behalf of* | * | |
| *All Others Similarly Situated,* | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | CASE NO. |
| | * | |
| FEDCAP REHABILITATION SERVICES, INC. | * | |
| 2300 Martin Luther King, Jr. Avenue, SE | * | |
| Washington, DC 20020 | * | |
| | * | |
| SERVE:   Corporation Service Company | * | |
| 1156 15th Street NW, Suite 605 | * | |
| Washington, DC 20005 | * | |
| | * | |
| Defendant. | * | |

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

## CLASS AND COLLECTIVE ACTION COMPLAINT

1.      During the period April 21, 2023, through the date of judgment (the "Class Period"), Defendant Fedcap Rehabilitation Services, Inc. ("Defendant") employed Alexander Harvey ("Named Plaintiff") and more than Forty (40) other similarly situated individuals within the District of Columbia to perform job duties under the Case Manager job title.

2.      During the Class Period, Defendant commonly violated Named Plaintiff and Class Members' wage payment rights under the District of Columbia Minimum Wage Act ("DCMWA") and District of Columbia Wage Payment Act ("DCWPA") by failing to pay Named Plaintiff and Class Members at the required overtime premium rate of one-and-one-half times Named Plaintiff and Class Members' regular hourly rate for all compensable weekly overtime Named Plaintiff and Class Members worked exceeding forty (40) hours.

**PARTIES, JURISDICTION, AND VENUE**

3.    Named Plaintiff is an adult resident and domiciliary of the District of Columbia.

4.    Defendant is a New York Corporation.

5.    Defendant maintains its principal office within the State of New York.

6.    During the Class Period, Defendant employed Named Plaintiff and Class Members to perform substantial and ongoing compensable work duties for Defendant's primary benefit giving rise to Named Plaintiff and Class Members' claims in this action within the District of Columbia.

7.    During the Class Period, Defendant qualified as Named Plaintiff and Class Members' "employer" under the definition of the DCMWA and the DCWPA.

8.    During the Class Period, Named Plaintiff and Class Members qualified as Defendant's "employees" under the definition of the DCMWA and the DCWPA.

9.    In this action, Named Plaintiff seeks recovery of damages against Defendant in an amount exceeding Seventy-Five Thousand Dollars ($75,000.00).

10.    This Court properly confers subject matter jurisdiction over the claims at bar based on diversity under 28 U.S.C. § 1332(a)(1), because complete diversity of citizenship exists between the Parties and Named Plaintiff seeks recovery of damages against Defendant in an amount exceeding Seventy-Five Thousand Dollars ($75,000.00).

11.    Pursuant to the foregoing, venue and personal jurisdiction over all Parties are proper in the United States District Court for the District of Columbia.

**FACTS**

12.    Defendant has employed Plaintiff as a Case Manager within the District of Columbia since May 2025.

13.     During the Class period, Defendant employed Named Plaintiff and more than forty (40) similarly situated Class Members under the Case Manager job title to perform employment work duties for Defendant's primary benefit within the District of Columbia.

14.     During the Class Period, Defendant paid Named Plaintiff and Class Members on an hourly basis.

15.     During the Class Period, Defendant regularly and customarily assigned Named Plaintiff and Case Members work duties Defendant knew or reasonably should have known Named Plaintiff and Class Members could not or would not be able to complete within a forty (40) hour work week.

16.     During his employment, to satisfy work duties and assignments from Defendant and meet Defendant's work duty and job responsibility expectations and requirements, Plaintiff has habitually worked more than forty (40) hours per week.

17.     During his employment, to satisfy work duties and assignments from Defendant and meet Defendant's work duty and job responsibility expectations and requirements, Plaintiff has regularly and customarily worked more than fifty (50) hours per week.

18.     During his employment, to satisfy work duties and assignments from Defendant and meet Defendant's work duty and job responsibility expectations and requirements, Plaintiff has often worked more than sixty (60) hours per week.

19.     During the Class Period, to satisfy work duties and assignments from Defendant and meet Defendant's work duty and job responsibility expectations and requirements, Class Members regularly and customarily work more than forty (40) hours per week.

20.     During the Class Period, Defendant knowingly directed, suffered, or permitted Named Plaintiff and Class Members to perform weekly compensable overtime work duties for Defendant's primary benefit exceeding forty (40) hours per week.

21.     During the Class Period, Defendant has had actual or constructive knowledge of all weekly compensable hours Named Plaintiff and Class Members worked each week including all weekly compensable overtime Named Plaintiff and Class Members have worked exceeding forty (40) hours.

22.     During the Class Period, District of Columbia law required Defendant to pay Named Plaintiff and Class Members overtime premium wages at the rate of one-and-one-half times Named Plaintiff and Class Members regular hourly rate for all weekly compensable overtime Named Plaintiff and Class Members worked exceeding forty (40) hours.

23.     During his period of employment, Defendant, in the absence of good faith, violated Named Plaintiff's District of Columbia wage payment rights by knowingly directing, suffering, or permitting Named Plaintiff to perform weekly compensable overtime work duties for Defendant's primary benefit exceeding forty (40) hours per week without paying Named Plaintiff overtime premium wages for all weekly overtime exceeding forty (40) hours Defendant knowingly directed, suffered, or permitted and had actual or constructive knowledge Named Plaintiff worked or performed for Defendant's primary benefit.

24.     Defendant now owes Named Plaintiff earned and unpaid overtime premium wages for weekly compensable overtime exceeding forty (40) hours per week Named Plaintiff has performed during his period of employment in the amount of approximately Forty Thousand Dollars ($40,000.00), plus statutory liquidated damages, interest, and attorneys' fees and costs.

25.     During the Class Period, Defendant, in the absence of good faith, violated Class Members' District of Columbia wage payment rights by knowingly directing, suffering, or permitting Class Members to perform weekly compensable overtime work duties for Defendant's primary benefit exceeding forty (40) hours per week without paying Class Members overtime premium wages for all weekly overtime exceeding forty (40) hours Defendant knowingly directed, suffered, or permitted and had actual or constructive knowledge Class Members worked or performed for Defendant's primary benefit.

26.     Defendant now owes Class Members earned and unpaid overtime premium wages for weekly compensable overtime exceeding forty (40) hours per week Class Members have performed during the Class Period, plus statutory liquidated damages, interest, and attorneys' fees and costs.

## COLLECTIVE ACTION ALLEGATIONS

27.     Named Plaintiff brings his DCMWA and DCWPA Counts as a Collective Action on behalf of himself and all Class Members who file written opt-in consent forms to join this case, each of whom, during the Class Period, Defendant failed at the District of Columbia-required time-and-one-half overtime premium rate for all compensable weekly overtime work performed exceeding forty (40) hours.

28.     Under the DCMWA and DCWPA, Defendant commonly owes Named Plaintiff and Class Members earned and unpaid overtime wages for all compensable weekly overtime work Named Plaintiff and Class Members worked exceeding forty (40) hours that Defendant withheld or failed to pay Named Plaintiff and Class Members overtime premium wages at the District of Columbia-required rate of one-and-one-half times Named Plaintiff and Class Members' regular hourly rate, plus statutory liquidated damages, interest, and attorneys' fees and costs.

**RULE 23 CLASS ALLEGATIONS**

29.     Named Plaintiff brings his DCMWA and DCWPA Counts against Defendant as a Class Action under FED. R. CIV. P. 23.

30.     All Class Members are readily ascertainable from records in Defendant's possession, custody, or control.

31.     There are more than forty (40) Class members, making joinder of all Class Members impracticable.

32.     Named Plaintiff and Class Members' DCMWA and DCWPA claims arise from Defendant's common and class-wide failure to pay Named Plaintiff and Class Members' earned wages at the District of Columbia-required time-and-one-half overtime premium rate for all compensable weekly overtime work performed exceeding forty (40) hours.

33.     Named Plaintiff's DCMWA and DCWPA claims are typical of those claims which could be alleged by Class Members and the relief sought by Named Plaintiff is typical of the relief which would be sought by Class Members in separate actions.

34.     Named Plaintiff and Class Members sustained similar losses, injuries and damages arising from the same unlawful policies, practices and procedures perpetrated by Defendant during the Class Period in violation of the DCMWA and DCWPA.

35.     Named Plaintiff and Named Plaintiff's counsel can fairly and adequately protect the interests of Class Members and have no interests antagonistic to Class Members.

36.     There are questions of fact and law common to the DCMWA and DCWPA claims belonging to Named Plaintiff and Class Members that predominate over any questions affecting only individual Class Members, such as:

a) Whether Defendant violated Named Plaintiff and Class Members' District of Columbia wage payment rights by failing to pay Named Plaintiff and Class Members for all compensable weekly overtime exceeding forty (40) hours worked at the District of Columbia-required overtime premium rate of one-and-one-half times Named Plaintiff and Class Members regular hourly rate; and

b) Whether Defendant's violation of Named Plaintiff and Class Members' District of Columbia overtime compensation rights was the product of good faith.

37.    A single class action prosecution of Named Plaintiff and Class Members' DCMWA and DCWPA claims against Defendant is superior to other available methods for the fair and efficient adjudication of the controversy.

38.    A single class action prosecution of Named Plaintiff and Class Members' DCMWA and DCWPA claims promotes consistency, economy, efficiency, fairness and equity, to other available methods for the fair and efficient adjudication of the claims.

## CAUSES OF ACTION

### COUNT I
### DCMWA

39.    Named Plaintiff, on behalf of himself and all Class Members, re-alleges and incorporates by reference all paragraphs set forth above as if restated herein.

40.    During the Class Period, the DCMWA required Defendant to pay Named Plaintiff and Class Members overtime premium wages calculated at one-and-one-half times Named Plaintiff and Class Members regular hourly rate for all weekly compensable overtime Named Plaintiff and Class Members worked exceeding forty (40) hours.

41.     During his employment, Defendant, in the absence of good faith, violated Named Plaintiff's DCMWA wage payment rights by failing to pay Named Plaintiff at the time-and-one-half overtime rate for all weekly compensable overtime work Defendant knowingly directed, suffered, or permitted Named Plaintiff to work exceeding forty (40) hours.

42.     Defendant owes Named Plaintiff earned and unpaid overtime premium wages in the amount of approximately Forty Thousand Dollars ($40,000.00), statutory liquidated damages, and attorneys' fees and costs.

43.     During the Class Period, Defendant, in the absence of good faith, violated Class Members' DCMWA wage payment rights by failing to pay Class Members at the time-and-one-half overtime rate for all weekly compensable overtime work Defendant knowingly directed, suffered, or permitted Named Plaintiff to work exceeding forty (40) hours.

44.     Defendant owes Class Members earned and unpaid overtime premium wages, statutory liquidated damages, interest, and attorneys' fees and costs.

## COUNT II
## DCMWA

45.     Named Plaintiff, on behalf of himself and all Class Members, re-alleges and incorporate by reference all paragraphs set forth above as if restated herein.

46.     Each pay period during the Class Period, the DCWPA required Defendant to pay Named Plaintiff and Class Members all earned wages due and owed including full payment of all earned overtime wages at the District of Columbia required time-and-one-half overtime premium rate due and owed for all weekly work Named Plaintiff and Class Members performed exceeding forty (40) hours.

47.     During his employment, each pay period, Defendant violated Named Plaintiff's DCWPA wage payment rights by failing to pay Named Plaintiff at the time-and-one-half overtime rate for all weekly compensable overtime work Defendant knowingly directed, suffered, or permitted Named Plaintiff to work exceeding forty (40) hours.

48.     Defendant owes Named Plaintiff earned and unpaid overtime premium wages in the amount of approximately Forty Thousand Dollars ($40,000.00), statutory liquidated damages, and attorneys' fees and costs.

49.     During the Class Period, each pay period, Defendant violated Class Members' DCWPA wage payment rights by failing to pay Class Members at the time-and-one-half overtime rate for all weekly compensable overtime work Defendant knowingly directed, suffered, or permitted Named Plaintiff to work exceeding forty (40) hours.

50.     Defendant owes Class Members earned and unpaid overtime premium wages, statutory liquidated damages, interest, and attorneys' fees and costs.

## **PRAYER FOR RELIEF**

Named Plaintiff, on behalf of himself and all Class Members, prays for relief and judgment against Defendant, as follows:

1.     For certification of Named Plaintiff's proposed Collective Action;

2.     For certification of Named Plaintiff's proposed Class Action;

3.     Award Named Plaintiff and all Class Members actual damages in the amount of all wages found due to Named Plaintiff and each Class Member;

4.     Award Named Plaintiff and all Class Members all available statutory liquidated damages as provided by the DCMWA and DCWPA;

5.      Award Named Plaintiff and all Class Members pre- and post-judgment interest at

the statutory rate;

6.      Award Named Plaintiff and Class Members' attorneys' fees at statutorily required

*Salazar* rates;

7.      Award Named Plaintiff and Class Members recoupment of all costs and expenses;

8.      Award Named Plaintiff and Class Members all further legal or equitable relief as

this Court deems necessary, just, or proper.

Dated: April 21, 2026                     Respectfully Submitted,

/s/ *Gregg C. Greenberg*_____
Gregg C. Greenberg, Bar No. MD17291
ZIPIN, AMSTER, & GREENBERG LLC
8757 Georgia Avenue, Suite 400
Silver Spring, Maryland 20910
Telephone:  (301) 587-9373
E-Mail: GGreenberg@ZAGFirm.COM

*Counsel for Named Plaintiff*
*and the Class Members*